**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1999

RICARDO GARZA-LÓPEZ,

Petitioner,

v.

ALBERTO GONZÁLES,[*]
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>José A. Espinosa</u>, on brief, for petitioner.
<u>Michael J. Haungs</u>, Tax Division, with whom <u>Peter D. Keisler</u>,
Assistant Attorney General, and <u>Ethan B. Kanter</u>, Civil Division,
Office of Immigration Litigation, were on brief, for respondent.

July 20, 2005

---

[*] Alberto Gonzáles was sworn in as United States Attorney General
on February 3, 2005. We have therefore substituted Attorney
General Gonzáles for John Ashcroft as the respondent. <u>See</u> Fed. R.
Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(2).

**Per Curiam.** Petitioner appeals an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision to deny his application for asylum because he failed to establish an objective basis for a well-founded fear of future persecution. Since there is substantial evidence in the record to support the BIA's order, we affirm.

## I. Background

Petitioner is a 31-year-old national of Guatemala. He entered the United States without inspection at or near San Ysidro, California, on September 15, 1991, when he was eighteen years old. On February 22, 2001, the Immigration and Naturalization Service[1] served petitioner with a Notice to Appear, alleging that he is an alien present in the United States who has not been admitted or paroled after inspection by an Immigration Officer. Petitioner admitted these allegations and conceded removability, but sought relief of asylum, withholding of removal, and protection under the Convention Against Torture. On February 14, 2001, the IJ denied petitioner's applications for relief and granted him the privilege of voluntary departure. The BIA affirmed the IJ's decision without opinion. This petition for review follows.[2]

_____

[1]  In March 2003, the relevant functions of the Immigration and Naturalization Service were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement.

[2]  Petitioner's brief only addresses the BIA's denial of his application for asylum, and makes no argument regarding the denial

Between the ages of fourteen and eighteen, during a time of civil war in Guatemala, petitioner served in the military reserves. The reserves were operated by the Guatemalan government, but separate from the Civil Patrol and the Guatemalan Army. One night a week, petitioner patrolled the highways, looking for suspicious activity and "register[ing]" passers-by to see if they were "carrying something." Sometimes his duties required him to detain people. Throughout his service with the reserves, petitioner encountered members of guerrilla forces, some of whom were aggressive. At one point, petitioner suffered "light harm" when a guerrilla cut him on the hand. He also testified before the IJ that in 1989, a member of his reserve group shot a man in the leg, incapacitating him. Although petitioner "felt bad" about this event, no subsequent interactions resulted from the incident. He was never captured by guerrillas, but he was approached to join them on multiple occasions in 1988. To the best of petitioner's knowledge, the guerrillas sought him out because they saw him as a healthy young man who could replenish their ranks. Petitioner testified that he was never politically involved in Guatemala, and has not had any problems with, or fear of, the Guatemalan government.

---

of his requests for withholding of removal and relief under the Convention Against Torture. Petitioner has therefore waived any challenge to these issues. See Qin v. Ashcroft, 360 F.3d 302, 305 n.5 (1st Cir. 2004).

Although peace accords between the guerrillas and the Guatemalan government were signed in 1996, petitioner contends that the "delinquency continues." Carrying out these delinquent acts, petitioner alleges, are ex-guerrillas, whom petitioner agrees may now be characterized as common criminals. He fears them for several reasons. First, he fears retaliation by those whom he detained during his service. Second, he fears retaliation for not having joined the guerrilla forces after repeatedly being asked to do so. Third, he fears that the ex-guerrillas, who may perceive him as "well-to-do" since he has lived in the United States for so long, will make him the target of their crimes in an attempt to obtain some of the money he has earned while working here. Petitioner fears that, even after thirteen years, he will be recognized by ex-guerrillas who wish him harm, and that he will not be safe from this harm anywhere in Guatemala since it is a small country. Although he testified before the IJ that he has "heard things" from his family to substantiate this fear, he was unable to provide specific evidence to support this contention and conceded that no one in Guatemala is looking for him in particular. While petitioner claims the primary reason he wishes to remain in the United States is to avoid the danger he believes awaits him in Guatemala, he also testified that he wants to remain in this country in order to earn enough money to support his family.

Petitioner's wife and children still reside in Guatemala. He also has a father and siblings living there. According to petitioner, two of his brothers previously had some unspecified problems because of their participation in the reserves, but solved those problems later. Petitioner also testified that two of his cousins were assassinated by the guerrillas, one in 1987 and the other in 1992. Otherwise, the rest of his relatives have remained in Guatemala without incident.

## II.  Analysis

In order to be eligible for asylum, "the burden of proof is on the applicant . . . to establish that he or she is a refugee as defined in section 101(a)(42) of the [Immigration and Nationality] Act."[3]  8 C.F.R. § 208.13(a).  "The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution."  8 C.F.R. § 208.13(b).  The BIA's determination that petitioner was not eligible for asylum "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elías-Zacarías, 502 U.S.

---

[3]  The relevant part reads: "The term 'refugee' means (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . ."  8 U.S.C. § 1101(a)(42).

-5-

478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)); see also Yatskin v. INS, 255 F.3d 5, 9 (1st Cir. 2001) ("we review a denial of a petition for asylum by the BIA under a substantial evidence standard"). We review findings of fact deferentially, and thus may reverse such a finding only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because the BIA affirmed the IJ's decision without opinion, we review the decision issued by the IJ. See Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003).

## A. Past Persecution

"To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000). Petitioner must also establish "through direct or circumstantial evidence, that his alleged persecutors were motivated by one of the statutorily enumerated grounds."[4] Guzmán v. INS, 327 F.3d 11, 15 (1st Cir. 2003) (citing Elías-Zacarías, 502 U.S. at 483).

Petitioner claims that he suffered past persecution when guerrillas cut him on his hand, harm which he characterizes as "light." He also claims that the emotional harm he suffered as a result of face-to-face interactions with aggressive guerrillas establishes past persecution. While we acknowledge that these

---

[4] Race, religion, nationality, membership in a particular social group, or political opinion. See 8 C.F.R. § 208.13(b)(1).

experiences may have been unpleasant, they do not fulfill the statutory requirement of past persecution on account of political opinion. Even assuming, arguendo, that the claimed physical and emotional harm was suffered on account of petitioner's political opinion, his harm must have been substantially more severe than a light cut on his hand and some frightening confrontations in order to establish past persecution. See Guzmán v. INS, 327 F.3d 11, 15-16 (1st Cir. 2003) (assuming petitioner was targeted by guerrillas for statutorily protected reasons, "one-time kidnaping and beating falls well short of establishing 'past persecution'"). In Guzmán, we determined that the injuries the petitioner incurred from being beaten by guerrillas were "superficial." Id. at 15. Since we cannot fairly characterize petitioner's injuries in this case as anything more than superficial, this evidence does not compel us to reverse the BIA's decision.

**B. Well-Founded Fear of Future Persecution**

Since petitioner cannot establish past persecution, he is not entitled to the statutory presumption of a well-founded fear of future persecution as provided in 8 C.F.R. § 208.13(b)(1). He therefore must establish this well-founded fear by proving both a subjective and objective component. Álvarez-Flores v. INS, 909 F.2d 1, 5 (1st Cir. 1990). Subjectively, the fear he asserts must be genuine. Id. Objectively, petitioner must show "'by credible, direct, and specific evidence . . . facts that would support a

-7-

reasonable fear that the petitioner faces persecution.'" Id. (quoting Díaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir. 1986)). In general, "the BIA requires that an applicant show that a reasonable person in his circumstances would fear persecution." Id. at 3 (internal quotations and citation omitted). The IJ, while accepting the petitioner's testimony, found petitioner had not established an objective basis for his claim. This finding is wholly consistent with the required showing of "credible, direct, and specific" facts to support a well-founded fear of future persecution.

First, the IJ found that petitioner's testimony that he cannot live anywhere in Guatemala without being recognized for his prior military services, completed over thirteen years ago, is not credible. In this regard, the IJ noted that petitioner's wife and children have lived without incident in a different community in Guatemala than the one in which petitioner grew up. See Aquilar-Solís v. INS, 168 F.3d 565, 573 (1st Cir. 1999) (noting that "the fact that close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits his return"); see also Guzmán, 327 F.3d at 16 (finding that the fact that other relatives of the petitioner have lived undisturbed in Guatemala for more than a decade supports the conclusion that Guzmán failed to establish eligibility for asylum). Furthermore, 8 C.F.R. § 208.13(b)(3)(i) requires that unless the

persecution is by a government or is government-sponsored, "the applicant shall bear the burden of establishing that it would not be reasonable for him to relocate [within the country]."  In petitioner's case, the persecution he fears is from individuals who were once associated with a guerrilla insurgency, but who he acknowledges are now common criminals.  Since these ex-guerrillas are not in any way sponsored by the Guatemalan government, it is petitioner's burden to establish that it would be unreasonable for him to relocate to a different part of the country.  The only evidence petitioner has offered for this point is that these ex-guerrillas roam throughout the small country of Guatemala, from which he concludes that they will inevitably meet and recognize him, and seek revenge upon him.  We agree with the IJ that petitioner's alleged fear of being recognized lacks credibility.  This evidence certainly does not compel a finding that petitioner's fear of being recognized and persecuted is well-founded.

Second, the IJ found that petitioner had not suggested that anyone in particular may be seeking to pursue him for retaliatory purposes.  Indeed, petitioner concedes that no one in Guatemala is looking for him specifically.  Accordingly, petitioner's evidence lacks specificity.  See Velásquez v. Ashcroft, 342 F.3d 55, 59 (1st Cir. 2003) (noting lack of specific evidence where petitioners failed to present evidence that

guerrillas sought retribution against any of the remaining family members).

Finally, the IJ noted that although the incident in which a member of petitioner's reserve group incapacitated a man occurred in 1989, petitioner did not leave Guatemala until two years later. Consequently, the IJ determined that petitioner had not been at significant risk of retaliation during those two years. We have previously found that remaining undisturbed in a country of claimed persecution for as little as six months suggests the absence of any ongoing threat of persecution. See Novoa-Umania v. INS, 896 F.2d 1 (1st Cir. 1990) (finding that BIA might conclude, based on applicant's stay for more than six months in San Salvador without incident, that there was no ongoing threat of persecution); see also Rodríguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir. 1988) (finding it "significant" that applicant continued to live undisturbed for three months after threat). Petitioner in this case remained in Guatemala for two years after an event for which he claims to fear retaliation. We believe that the fact that there were no incidents of persecution during those two years undercuts petitioner's claim that danger awaits him in Guatemala. Especially in light of the civil war's end and the passage of more than thirteen years, it seems unlikely that petitioner would face persecution on account of political opinion upon returning to Guatemala.

Since petitioner does not meet the statutory requirements for asylum eligibility, the IJ had no discretion to grant asylum. <u>See</u> 8 C.F.R. § 208.14 ("an immigration judge may grant or deny asylum in the exercise of discretion to an applicant who <u>qualifies as a refugee</u>") (emphasis added). Accordingly, we find that the IJ had substantial evidence for denying petitioner's request for asylum, and we cannot say that petitioner's evidence compels a contrary conclusion.

### III. <u>Conclusion</u>

For the reasons stated above, the BIA's order is affirmed.

**<u>      Affirmed</u>**.